Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Proposed Counsel for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>WRAP MEDIA, LLC<br><br>               Debtor. | Case No. 16-31325 HLB<br>Chapter 11 |
| In re<br><br>WRAP MEDIA, INC.<br><br>               Debtor. | Case No. 16-31326 HLB<br>Chapter 11 |
| ☐ Affects LLC<br>☐ Affects Inc.<br>☒ Affects BOTH DEBTORS | <u>Respondent: Silicon Valley Bank</u> |

## MOTION FOR USE OF CASH COLLATERAL

COME NOW Wrap Media, LLC and Wrap Media, Inc, Debtors and Debtors in Possession, and move the Court for an Order authorizing the use of cash collateral on an interim and final basis, and in support thereof respectfully submit as follows;

1. On December 10, 2016, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. No trustee has been appointed, and the Debtors operate their

business as Debtors in Possession pursuant to 11 U.S.C. §1101 et seq.

2. The Debtors market their technology as software as a service. The Debtor's technology is a mobile messaging and engagement platform that improves the mechanism and results of business to business and business to consumer sales, marketing and customer service – a software category known as customer relationship management - CRM.

3. The Debtors anticipate using Chapter 11 to recapitalize their business or to effect its sale as a going concern. The Debtors expect this to occur over approximately the next four months.

4. Wrap Media, LLC is an operating company providing software as a service. Wrap Media, LLC holds all of the assets of the enterprise, employs all of its personnel and conducts all of its operations.

5. Wrap Media, Inc.'s sole asset is an approximately 60% equity interest in Wrap Media, LLC. Wrap Media, Inc. was the financing vehicle for the enterprise, raising several rounds of equity and obtaining $9.5 million of convertible debt financing. Wrap Media, Inc. has no operations. It has four creditors and a number of equity holders.

6. The Debtors jointly operated a single business, and for that reason are hereafter referred to in the singular.

7. Silicon Valley Bank ("SVB") holds a security interest in substantially all of the Debtor's assets *other than* its intellectual property ("SVB's Collateral").

8. SVB's Collateral consists of cash in the approximate amount of $300,000 held in various bank accounts (exclusive of restricted funds subject to a senior pledge to other creditors), accounts receivable, furniture and equipment, and other miscellaneous assets. The Debtor has not undertaken a valuation of SVB's collateral.

9. As of the commencement of the case, SVB's debt was not in monetary default and SVB had not formally asserted any non-monetary default.

10. The Debtor has carefully protected its intellectual property rights, which it holds free and clear of all liens. The Debtor holds 12 issued United States patents, another 5 that have been formally allowed by the United States Patent and Trademark Office ("USPTO"), and is prosecuting an additional 50 or so patent applications in the USPTO. The Debtor's intellectual property and patent portfolio has

very substantial value and is potentially worth many millions of dollars, but in any event is worth not less than $1 million.

11. The Debtor's technology and employees have provided it with more than 30 customers, including marquee customers such as T-Mobile, Sprint, Cisco, NTT, Rogers, Salesforce and others, and a current annualized revenue stream of approximately $1 million.

12. The foregoing factual basis for the relief sought is supported by the Declaration of Eric Greenberg in Support of First Day Motions.

*Argument*

A. *Relief Requested*

As contemplated by Rule 4001(b), the Debtor seeks emergency use of cash collateral on an interim basis until a final hearing on this Motion can be held. The final hearing can be held no earlier than 14 days after service of this Motion.

Pending the final hearing, the Debtor seeks permission to use cash to sustain business operations consistent with the Budget. Specifically, the Debtor seeks to disburse approximately $375,000 prior to the end of December, 2016, consisting in part of cash collateral and in part of borrowings from the DIP Financing.

At the final hearing, the Debtor requests that it be authorized freely to expend cash in the ordinary course of its business and consistent with the Budget, as revised and extended from time to time.

Much of the Debtor's value is associated with its status as a going concern. Thus, the most significant adequate protection to be afforded to SVB is the Debtor's continuation in business as a going concern, a status which can be maintained only if the Debtor continues to pay its operating expenses in the ordinary course of business.

Second, the Debtor's most valuable asset is its intellectual property, which is presently free and clear of all liens.

As adequate protection and in order to afford SVB assurance that its collateral position will not diminish during the course of the bankruptcy case, the Debtor proposes to provide SVB with the following:

        a.     A replacement lien against post-petition assets (exclusive of claims arising under Chapter 5 of the Bankruptcy Code) with the same nature, extent and validity as SVB's pre-petition lien;

        b.     A lien on the Debtor's intellectual property, junior only to the DIP Financing lien;

        c.     A subordination of the lien securing the DIP Financing, but only to the extent necessary to protect SVB from any post-petition diminution in the SVB Collateral for its allowed secured claim; and

        d.     Payments of approximately $9,000 per month, equivalent to non-default interest on its debt.

The Debtor submits that the foregoing adequately protects SVB's interests, such that the Debtor should be permitted freely to use cash in the ordinary course of its business, including cash collateral, and to implement such Orders as the Court may hereafter enter.

### B. *Legal Authority*

Although the Debtor has not conducted a thorough review or completed its analysis, it appears that SVB holds a duly perfected and enforceable security interest in substantially all of the Debtor's assets *other than* its intellectual property and enjoys "cash collateral" rights with respect to much of the Debtor's revenues. For the purposes of this Cash Collateral Motion only, the Debtor concedes Section 363(p)(2). Any relief granted to the Debtor or SVB now should be without prejudice to reconsideration, recharacterization or re-allocation in the future.

Section 363 (c)(2) provides, in pertinent part, as follows:

The trustee [or debtor in possession] may not use, sell or lease cash collateral... unless:

    (A)     each entity that has an interest in such cash collateral consents; or

    (B)     the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

Thus, a court may authorize a debtor's use of a creditor's cash collateral in the absence of creditor consent. Section 363(e) of the Bankruptcy Code provides, however, that the court may prohibit or

CASH COLLATERAL MOTION                     4

Case: 16-31325    Doc# 7    Filed: 12/12/16    Entered: 12/12/16 10:59:12    Page 4 of 6

condition such use "as is necessary to provide adequate protection" for the interest of the secured creditor. The burden of proof respecting the existence of adequate protection is on the moving party. §363(p)(1).

Thus, this Court may authorize the Debtor's use of any cash collateral of SVB if it determines that the interests of SVB are being adequately protected. *In re McCombs Properties VI, Ltd.,* 88 B.R. 261 (Bankr. C.D. Cal. 1988).

The law on this subject was established by the Supreme Court almost 30 years ago in *United Savings v. Timbers of Inwood Forest,* 484 U.S. 365, 108 S.Ct. 626 (1988). The Supreme Court held that the "interest in property" which is to be the subject of adequate protection is limited to the "value of the collateral" as of the commencement of the case. *Timbers,* 108 S.Ct. at 630. The adequate protection provisions of the Bankruptcy Code protect a secured creditor only from a potential diminution in the value of that creditor's collateral during the post-petition period. Id.

In this case, the maximum potential diminution in the value of SVB's collateral is about $300,000, representing the amount of cash on hand. That potential diminution in value is adequately protected by the proposed lien on intellectual property, and specifically the Debtor's substantial patent portfolio, and the preservation of the Debtor's going concern value. The balance of SVB's collateral, consisting primarily of furniture and computer equipment, will not decline in value over the anticipated term of this case.

Use of cash, including cash collateral, is essential to the preservation of the Debtor's business and going concern value. The Court can authorize the use of cash notwithstanding the absence of consent by SVB.

The Court may condition the use of cash on the provision of adequate protection to SVB so as to protect it from a diminution in the value of its collateral base. Here, SVB's interests will be adequately protected by preservation of the Debtor's going concern value, liens on the Debtor's intellectual property including its patent portfolio and replacement liens on post-petition assets to secure any post-petition diminution in the value of SVB's collateral.

WHEREFORE, the Debtors pray that the Court make and enter its Order:

1. Determining that, under the circumstances, further notice or an opportunity to be heard is

Case: 16-31325  Doc# 7  Filed: 12/12/16  Entered: 12/12/16 10:59:12  Page 5 of 6

unnecessary;

2. Authorizing the Debtors, on an interim and final basis, to use cash collateral in the operation of their business, consistent with the proposed Budget; and

3. Granting such other and further relief as may be just and proper.

DATED: December 11, 2016            ST. JAMES LAW, P.C.

By:  /s/ *Michael St. James*  .
     Michael St. James
Proposed Counsel for Debtors