1  Michael St. James, CSB No. 95653
   ST. JAMES LAW, P.C.
2  22 Battery Street, Suite 888
   San Francisco, California 94111
3  (415) 391-7566 Telephone
   (415) 391-7568 Facsimile
4  michael@stjames-law.com

5  Proposed Counsel for Debtor

6

7                    UNITED STATES BANKRUPTCY COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          San Francisco Division

10

11  In re                              )    Case No.  16-31325 HLB
                                       )    Chapter 11
12  WRAP MEDIA, LLC                    )
                                       )
13                    Debtor.          )
    _____)
14                                     )
    In re                              )    Case No.  16-31326 HLB
15                                     )    Chapter 11
    WRAP MEDIA, INC.                   )
16                                     )
                      Debtor.          )
17  _____)
                                       )
18  ☐      Affects LLC                 )
    ☐      Affects Inc.                )
19  ☒      Affects BOTH DEBTORS        )
                                       )
20  _____)

21

                    MOTION FOR JOINT ADMINISTRATION
22

23

24       COME NOW Wrap Media, LLC and Wrap Media, Inc, Debtors and Debtors in Possession, and

25  move the Court for an Order for the joint administration of their cases, and in support thereof

26  respectfully submit as follows;

27       1.      On December 10, 2016, the Debtors filed voluntary petitions for reorganization under

28  Chapter 11 of the Bankruptcy Code.  No trustee has been appointed, and the Debtors operate their

1  business as Debtors in Possession pursuant to 11 U.S.C. §1101 et seq.

2       2.     The Debtors market their technology as software as a service.  The Debtor's technology is

3  a mobile messaging and engagement platform that improves the mechanism and results of business to

4  business and business to consumer sales, marketing and customer service – a software category known

5  as customer relationship management - CRM.

6       3.     The Debtors anticipate using Chapter 11 to recapitalize their business or to effect its sale

7  as a going concern.  The Debtors expect this to occur over approximately the next four months.

8       4.     Wrap Media, LLC is an operating company providing software as a service.  Wrap

9  Media, LLC holds all of the assets of the enterprise, employs all of its personnel and conducts all of its

10  operations.

11       5.     Wrap Media, Inc.'s sole asset is an approximately 60% equity interest in Wrap Media,

12  LLC.  Wrap Media, Inc. was the financing vehicle for the enterprise, raising several rounds of equity

13  and obtaining $9.5 million of convertible debt financing.  Wrap Media, Inc. has no operations.  It has

14  four creditors and a number of equity holders.

15       6.     The Debtors jointly operated a single business.   The Debtors operated a single mirrored

16  management structure, in which the same persons were appointed to the Board of Managers of Wrap

17  Media, LLC and the Board of Directors of Wrap Media, Inc., the meetings of both Boards were

18  conducted jointly with all decisions applying to both entities, and the same individuals occupied the

19  same offices with each entity

20       7.     The foregoing factual basis for the relief sought is supported by the Declaration of Eric

21  Greenberg in Support of First Day Motions.

22                 *Argument*

23       The Debtors request an order authorizing joint of administration of their bankruptcy cases.  Rule

24  1015 of the Federal Rules of Bankruptcy Procedure provides for joint administration of related

25  bankruptcy cases.  Rule 1015(b) provides, in pertinent part as follows:

26       (b) CASES INVOLVING TWO OR MORE RELATED DEBTORS.
     If…two or more petitions are pending in the same court by or against…

27       (4) a debtor and an affiliate, the court may order joint administration of the
     estates…

28

Fed. R. Bankr. P. 1015(b). The term affiliate is defined in the Bankruptcy Code, and includes parents and subsidiaries of the debtor, as well as entities that operate, or are operated by, the debtor. *See* 11 U.S.C. § 101; COLLIER ON BANKRUPTCY, ¶ 1015.03 (15th ed. rev. 1998).

Joint administration is an administrative and procedural device. *See, e.g., Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (11th Cir. 1994). It is distinct from substantive consolidation, and does not materially affect the rights of creditors of the estates. Id.; Fed. R. Bankr. P. 1015, Advisory Committee Note (1983).

As set forth in COLLIER ON BANKRUPTCY, an order authorizing joint administration contemplates the following relief:

> (1) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;
>
> (2) the combining of notices to creditors and parties in interest;
>
> (3) the scheduling of hearings;
>
> (4) joint financial reporting by the debtors;
>
> (5) the joint and several liability of the estates of administrative expenses; and
>
> (6) the joint handling of other administrative matters.

*See* COLLIER ON BANKRUPTCY, Forms 8.92-1, 8.92-4, and 8.92-5, reprinted in COLLIER ON BANKRUPTCY (15th ed., rev. 2001); Fed. R. Bankr. P. 1015, Advisory Committee Note (1983).

Administrative consolidation is amply warranted in this case. Joint administration will expedite the administration of the Debtors' cases and reduce administrative expense without prejudicing creditors' substantive rights. Many motions filed in these cases will relate to both Debtors. Absent joint administration, parties will be required to file sets of papers that will often be identical, apart from the captions, and creditors will receive multiple copies of such papers, leading to inevitable confusion. Joint administration will allow parties in interest to receive notice of all relevant matters, thereby ensuring that parties are informed of matters potentially affecting them, without the burden of unnecessary and expensive duplication.

1    Because each creditor may file a claim against a particular Debtor, joint administration will not

2    adversely impact any creditors' rights. In fact, the cost savings of joint administration will benefit all

3    creditors by increasing the amounts ultimately available for distribution.

4    Joint administration will relieve the Court of the burden of entering duplicative orders and

5    maintaining duplicative files. Similarly, joint administration will simplify the administrative burden of

6    the Office of the United States Trustee's supervision of these Chapter 11 cases.

7    The relationship between the Debtors and the need for both to be involved in any potential

8    resolution weighs strongly in favor of joint administration and is the most efficient way to proceed.

9    Accordingly, the Debtors submit that joint administration of these Chapter 11 cases is in the best

10   interests of the Debtors' respective estates. Joint administration will eliminate unnecessary and

11   expensive duplication of effort by the Debtors, their respective professionals, their respective creditors,

12   parties in interest, and this Court.

13   WHEREFORE, the Debtors pray that the Court make and enter its Order:

14   1.    Determining that, under the circumstances, further notice or an opportunity to be heard is

15   unnecessary;

16   2.    Providing for the joint administration of the cases of Media Wrap, LLC and Media Wrap,

17   Inc. pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, including:

18   (a)    The use of a single docket (*In re Wrap Media, LLC)* for administrative matters,

19   particularly for the filing, lodging and docketing of pleadings and orders;

20   (b)    Combined notices to creditors and parties in interest;

21   (c)    Combined scheduling of hearings;

22   (d)    The use of a combined caption, in the form used above and provided on the

23   proposed notice of joint administration attached hereto;

24   (e)    Combined financial reporting by Debtors; and

25   (f)    The joint handling of other administrative matters; and

26

27

28

1    3.      Granting such other and further relief as may be just and proper.

2    DATED:  December 11, 2016                    ST. JAMES LAW, P.C.

3

4                                                By:  /s/  *Michael St. James*  .
                                                      Michael St. James
5                                                Proposed Counsel for Debtors

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT ADMINISTRATION MOTION                                                              5