Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Proposed Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re | Case No. 16-31325 HLB |
| WRAP MEDIA, LLC | Chapter 11 |
| Debtor. | |
| In re | Case No. 16-31326 HLB |
| WRAP MEDIA, INC. | Chapter 11 |
| Debtor. | |

☐ Affects LLC
☐ Affects Inc.
☒ Affects BOTH DEBTORS

DATE: December 14, 2016
TIME: 2:00 p.m.
JUDGE: Hon. Hannah L. Blumenstiel
COURT: 19

## DECLARATION OF DOUGLAS ABRAMS REGARDING GOOD FAITH BORROWING

I, Douglas Abrams, declare under penalty of perjury:

1. I was selected to join the Board of Directors of Wrap Media, Inc. and the Board of Managers of Wrap Media, LLC on December 9, 2016, shortly before the Boards voted to commence Chapter 11 cases. I have no existing ties to the Debtors or their businesses, and was expected to provide the Boards with an independent perspective.

2.     For the better part of the past decade I have been engaged in providing venture funding to businesses which I believe have significant potential.  I agreed to join the Debtors' Boards so that I could more fully understand the underlying business and evaluate whether to develop a financial relationship with them.  Thus, while I do not presently hold a financial stake in the Debtors and have not agreed to participate in the DIP Financing, it is completely possible that as matters go forward I may do either or both.

3.     At present, the only funding that is committed under the proposed DIP Financing is $500,000 to be provided by Wrap Media Holdings, LLC ("WMH"), an entity that was newly created for purposes of making the loans contemplated to be made by the Lead Lender under the credit agreement.  The sole member and manager of WMH is Innovation Investments, LLC ("Innovation").  As described the Greenberg Declaration in Support of First Day Motions; Dkt #10; Innovation is an investor in and creditor of the Debtor; it is among the 20 largest unsecured creditors in each of the Debtors' cases.  The president of Innovation is Eric Greenberg ("Greenberg").  Greenberg is an officer and director of the Debtor.

4.     Since the Lead Lender has made it clear that it is unwilling to fund the entirety of the desired DIP Financing, one of the Debtors' objectives has been to create a DIP Financing vehicle that will prove attractive enough to encourage others to participate as lenders.  As a consequence, in the Debtors' negotiations with the counsel for the Lender, it sought the preparation of a loan agreement for the DIP Financing that would be viewed as "industry standard" and would offer the sorts of protections that are customary in DIP financing.

5.     Although Lead Lender is an insider of the Debtor, the Debtor and Lender are separately represented by counsel.  Prior to agreeing to enter into the DIP Financing, the Debtor considered the possible availability of alternative funding sources but none were readily achievable given the Debtors' current capital structure and the exigencies surrounding of the commencement of this Chapter 11 case.  In light of the connections between the Lead Lender and the Debtor, I, in conjunction with the Debtor's counsel, reviewed the proposed terms of the DIP credit agreement and the proposed Interim Order.  The negotiations between the Debtor and the Lead Lender were conducted at arms' length and in good faith without collusion.  I am not aware of any terms and conditions related to the proposed financing that

1   are not set forth in the credit agreement.

2        6.      The Debtor's budget, attached as an Exhibit to the Greenberg Declaration; Dkt #10; has

3   been crafted to provide the Debtor with the adequate liquidity to prudently operate its business and to

4   meet its anticipated post-petition expenses.  The amount that the Debtor proposes to borrow under the

5   Interim Order approving the DIP Financing reflects the payment of expenses that, in the Debtor's

6   business judgment, are necessary to avoid immediate and irreparable harm to the estates pending a final

7   hearing to approve the DIP financing.  I believe that entry into the DIP credit agreement and the other

8   terms of the proposed Interim Order are the best credit terms currently available to the estate and

9   constitute an exercise of sound business judgment.

10       I declare under penalty of perjury according to the laws of the United States of America that the

11  foregoing is true and correct and that this Declaration was executed in Los Angeles, California on

12  December 13, 2016.

13                          /s/  *Douglas Abrams    .*
                            Douglas Abrams
14

ABRAMS DECLARATION RE: BORROWING