DONNA S. TAMANAHA (WI# 1013199)
Acting Assistant United States Trustee
LYNETTE C. KELLY (SBN #120799)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Ave., 5th Fl., Ste. 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: lynette.c.kelly@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>WRAP MEDIA, LLC<br><br>        Debtor.<br>_____<br>WRAP MEDIA, INC. | Case No. 16-31325 HLB<br>Chapter 11<br><br>Jointly Administered with<br><br>Case No. 16-31326 HLB<br>Chapter 11<br><br>Date:    December 14, 2016<br>Time:    2:00 p.m.<br>Ctrm:   Honorable Hannah L. Blumensteil<br>           450 Golden Gate Ave, Ctrm. 16<br>           San Francisco, CA |

### UNITED STATES TRUSTEE'S OMNIBUS OBJECTION
### TO DEBTOR'S FIRST DAY MOTIONS (ECF NOS. 6, 7, 8 AND 9)

Tracy Hope Davis, the United States Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, hereby objects (the "Omnibus Objection") to the (i) *Motion for Authority to Honor Employee Obligations* [Docket No. 6] (the "Employee Motion"); (ii) *Motion for Use of Cash Collateral* [Docket No. 7] (the "Cash Collateral Motion"); (iii) *Borrowing Motion* [Docket No. 8]; and (iv) *Motion for Joint Administration* [Docket No. 9]

(collectively, the "First Day Motions") filed by the captioned debtors Wrap Media LLC and Wrap Media, Inc. (together, the "Debtors"). [1]

The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. The United States Trustee reserves the right to supplement the facts contained herein, which are based solely on the factual assertions of the Debtors or their agents in the First Day Motions or other filings in this case. To the extent that this Omnibus Objection contains factual assertions predicated upon statements made by the Debtors or their agents, such factual assertions are admissible evidence in the form of admissions of a party opponent under Fed. R. Bankr. P. 9017 and Fed. R. Evid. 801(d)(2).

## I. INTRODUCTION

The Debtors' requests for relief through their various First Day Motions should either be (a) denied outright or (b) significantly limited by Court order solely to a level that is absolutely necessary to sustain Debtors' operations. Debtors' requests for relief in the First Day Motions, in many respects, constitute impermissible overreaching on Debtors' part. Moreover, the factual and legal predicates for relief in the First Day Motions are deficient in many material respects. Indeed, many of Debtors' requests for relief raise issues under, or otherwise trigger the operation of, Section 363(b), making FRBP 6003 and its required showings of immediate and irreparable harm applicable to Debtors' claims for First Day relief. Debtors' arguments and evidentiary support in the record do not establish both immediate and irreparable harm under FRBP 6003, thereby mandating denial of Debtors' requests for relief at this early stage of the case. While Debtors' requests for relief in the First Day Motions are overbroad, Debtors' disclosures to this

---

[1] Hereinafter, all references to "Section" in the Objection are to provisions of the Bankruptcy Code, title 11 of the United States Code, 11 U.S.C. §§ 101-1532 as amended, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. Moreover, references to Docket Nos. are references to the Wrap Media LLC case.

UST Omnibus Objection to First Day Motions 16-31325, 16-31326

point have been sparse. The record does not support Debtors' requested relief. The Omnibus Objection should, therefore, be sustained.

In the alternative, the hearing on Debtors' request for First Day relief should be adjourned to a date and time after Debtors' filing of all documents required by Section 521 and FRBP 1007. Creditors, the Court, and the United States Trustee should be given sufficient time to evaluate Debtors' requests for First Day relief based upon full and complete disclosure.

## II. STATEMENT OF FACTS

On December 10, 2016, Debtors commenced the captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. [Docket No. 1]. Debtors' petitions were not accompanied by all schedules, statements, and lists required to be filed under Section 521 and FRBP 1007. [Docket No. 1]. On December 12, 2016, the Court entered an *Order to File Required Documents* [Docket No. 14], stating that Debtors have failed to file all of the required documents and setting a deadline of 14 days for filing. No trustee has been appointed in Debtors' cases. [*See* Docket]. An official committee of unsecured creditors has not yet been appointed. [*Id.*]. The Section 341 Meeting of Creditors is schedule for January 10, 2017.

On December 12, 2016, the Debtors filed their First Day Motions. [Docket Nos. 6, 7, and 8]. On the same date, Debtors filed the *Declaration of Eric Greenberg in Support of First Day Motions* (the "Greenberg Declaration") [Docket No. 10], through which Debtors purport to submit the factual predicates for the relief requested in the First Day Motions. Debtors also filed the *Declaration of Michael St. James in Support of Motion to Use Cash Collateral and Borrowing Motion* (the "St. James Declaration") [Docket No. 18]. On December 13, 2016, Debtors filed the *Declaration of Douglas Abrams Regarding Good Faith Borrowing* (the "Abrams Declaration") [Docket No. 22] and two documents regarding "corrections" to the Cash Collateral Motion. [Docket Nos. 21 & 23].

## III. JURISDICTION AND STANDING

Under 28 U.S.C. § 586(a)(3), the United States Trustee is charged with supervising the administration of cases and trustees "by, whenever the United States trustee considers it to be appropriate" taking certain action. 28 U.S.C. §§ 586(a)(3)(A) – (I). This duty is part of the United States Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3rd Cir. 1994).

Under 11 U.S.C. § 307, the United States Trustee has standing to be heard and to object to the Motions addressed herein. 11 U.S.C. § 307.

## IV. LEGAL ARGUMENT

### A. Debtors' First Day Motions Should Be Denied For Lack of Sufficient Evidentiary and Legal Support

#### 1. *Rule 6003*

The Borrowing Motion and the Cash Collateral Motion seek emergency relief; however, Debtors have failed to satisfy their evidentiary burden under Rule 6003.

#### 2. *Borrowing Motion*

The legal standards that must be satisfied for this Court to approve the Borrowing Motion have not been met. Among other things, a court must consider whether the terms of proposed debtor in possession financing are fair, reasonable and adequate. *In re Los Angeles Dodgers LLC*, 457 B.R. 308, 312-13 (Bankr. D. Del. 2011) (citing *In re Crouse Group, Inc.*, 71 B.R. 544, 546 (Bankr. E.D. Pa. 1987)). In so doing, courts routinely consider the following factors: (i) whether the proposed facility is an exercise of the debtor's reasonable business judgment; (ii) whether the proposed facility is in the best interests of both the estate and its creditors; (iii) whether the transaction is both (a) necessary to preserve estate assets and (b) necessary and essential for the continued operation of the debtor's business; (iv) whether the terms of the

proposed transaction are fair and reasonable given the circumstances; and (v) whether the proposed facility was negotiated in good faith and at arm's length. *In re Farmland Indus., Inc.*, 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003) (*appeal dismissed*, No. 03-00472 (DW) (W.D. Mo. Jan. 9, 2004)).

Moreover, bankruptcy courts have not approved financing arrangements that convert the bankruptcy process from one designed to benefit all creditors to one designed for the sole (or primary) benefit of a post-petition lender. *See, e.g., Ames Dep't Stores, Inc.*, 115 B.R. 34, 38-39 (Bankr. S.D.N.Y. 1990) (citing *In re Tenney Vill. Co*., 104 B.R. 562, 568 (Bankr. D.N.H. 1989) (holding that the terms of a post-petition financing facility must not "pervert the reorganizational process from one designed to accommodate all classes of creditors . . . to one specially crafted for the benefit" of one creditor)).

As discussed below, the terms of the proposed financing under the Borrowing Motion violate applicable law in several respects:

- First, the Borrowing Motion fails to provide sufficient factual basis for this Court to approve the proposed financing transaction. No schedules and statements have been filed, and the information provided in the Greenberg Declaration is sparse. For example, interested parties and the Court have insufficient information regarding (1) the totality of debt, including debt arising from any leases; (2) whether there are any guarantors of the debt; (3) who owns the 40% of Wrap Media LLC not owned by Wrap Media Inc.; (4) the source of the remaining $150,000 of the $500,000 "commitment" other than the $350,000 for which Greenberg has provided a commitment; (5) the terms of the key employee retention program that Debtors indicate they will propose and, in particular, the amount of funds involved (which are not provided for in the budget); (6) whether there may be claims against the Debtors as a result of the "layoffs" of multiple

employees; (7) Debtors' corporate structure, including the role(s) of any affiliates and any amounts owed to or owing from same; (8) the identities of any lenders under the proposed financing in addition to Greenberg; (9) contracts with customers, including the blue chip entities listed in the Greenberg Declaration (10) the amounts estimated for Chapter 11 professional fees (which are not apparent from the budget); (11) the basis for the Debtors' valuation of the patents at a minimum of $1 million and (12) why the terms under which the proposed financing is to be obtained from Greenberg, an insider and equity holder, are reasonable. Absent this information, the proposed transaction lacks transparency necessary for the interested parties and the Court to evaluate it. Moreover, on this record, the Court cannot determine whether the proposed financing would render the Debtors insolvent or whether they are already insolvent.

- Second, although the Borrowing Motion purports to seek "interim" financing pending a final hearing, the proposed transaction is not sufficiently defined to grant "interim" relief. The Debtors' seek the Court's approval now for a transaction that has not even been finalized, in that the documents only specify that Greenberg is willing to provide $350,000. Notwithstanding that an entity has been created through which any financing obtained might flow, no such financing, other than the $350,000 from Greenberg and another $150,000 from an unknown source, appears to have been agreed. The Court should not give blanket approval to this "ghost financing," which is contrary to the transparency that is fundamental to the Chapter 11 process. There can be no "interim" financing where there is no commitment to the "final" amount to be financed.

- Third, the Abrams Declaration is an insufficient basis for a finding of good faith, Abrams acknowledges in the declaration that he is not disinterested but rather is

- self-interested and accepted the board position in order to evaluate whether to invest in the Debtors.
- Fourth, the proposed DIP financing provides that the fees and expenses of any subsequently appointed chapter 7 trustee would be capped at $10,000. This Court's Guidelines provide that the Court will not ordinarily approve "[p]rovisions that provide an inadequate carve-out for a subsequently appointed trustee in the case, whether before or after conversion. Guidelines, ¶ E.13. Debtors have provided no justification for this restriction on trustee's fees and expenses, which is unreasonable in the circumstances of this case.
- Fifth, the budget fails to provide a carve-out for the fees and expenses of any subsequently appointed Consumer Privacy Ombudsman. 11 U.S.C. § 332. This omission is significant given Debtors' intention to sell the business as a going concern.

3. *Cash Collateral Motion*

As indicated above with respect to the Borrowing Motion, the Cash Collateral Motion contains insufficient information for Debtors to meet their evidentiary burden. Many of the points raised above regarding a lack of transparency apply equally with respect to the Cash Collateral Motion. Without further information regarding the Debtors' assets and liabilities, capital structure, and business relationships, among other things, interested parties and this Court cannot determine whether the use of cash collateral is warranted.

4. *Employee Motion*

The United States Trustee objects to the relief requested in the Employee Motion to the extent that any of the transfers contemplated by this motion either exceed the aggregate cap set forth in Sections 507(a)(4) and 507 (a)(5) or constitute impermissible transfers or obligations

prohibited under Section 503(c). Debtor's request to approve expense reimbursements to employees should be denied to the extent they implicate Section 503(c).

Debtor Wrap Media LLC has failed to meet its evidentiary burden with respect to this motion. Although the Employee Motion states that the facts therein are supported by the Greenberg Declaration, they are not. Debtor has provided no list of the employees or precise amounts to be paid, and the Greenberg Declaration does not indicate whether any of the employees requested to be paid are insiders.

Moreover, the Greenberg Declaration fails to supply sufficient information regarding the nature of the employment relationship. Absent the filing of all the required schedules, statements and lists, the record is incomplete regarding Debtors' other affiliates and subsidiaries, if any. There is no assertion in the Greenberg Declaration that the employees to be paid are employees only of Wrap Media LLC and or are also employed by another Greenberg-owned entity or entities.

Finally, as discussed above, Debtors have not provided sufficient information for this Court to determine that any payments approved would not render Debtor insolvent. Thus, on this record, the Employee Motion should be denied.

5. *Motion for Joint Administration*

The United States Trustee does not object to the joint administration of the Debtors. However, the Greenberg Declaration refers to a "Joint Administration/Rule 2015.3" motion. No separate motion regarding Rule 2015.3 appears on the case dockets, and Rule 2015.3 is not mentioned in the Motion for Joint Administration; thus, any request for relief from Rule 2015.3 is not properly before the Court at this time and Debtors have failed to provide a legal basis for such relief. Moreover, the Greenberg Declaration fails to provide factual support for the request to relieve Debtors of the duty to comply with Rule 2015.3.

First, it is unclear which of the Debtors operated the Lithuanian affiliate. Although one might assume that it was operated by Wrap Media LLC, interested parties and the Court should not have to assume such facts; indeed, it is the requesting debtor's obligation to provide them.

Second, the summary information supplied is simply insufficient to warrant this relief. Just days into the case, with no schedules, interested parties and the Court have little or no evidence regarding the Debtors' corporate structure beyond these two Debtors, and how the Lithuanian affiliate fits into that picture. It appears that interested parties are being asked to accept two paragraphs in the Greenberg Declaration as containing all they will ever know about this affiliate; at this stage, such a request is at best premature.

## V. CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order denying the First Day Motions, and granting such other relief as is just and appropriate under the circumstances. In the event that the Court grants interim relief on the First Day Motion, the United States Trustee reserves the right to object to final relief and to cross-examine witnesses at an evidentiary hearing.

Dated: December 14, 2016         TRACY HOPE DAVIS
                                 UNITED STATES TRUSTEE
                                 /s/ Lynette C. Kelly
                                 Trial Attorney